# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JANE ENVY, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) No. 5:14-cv-00081-DAE |
| BEST IMPORTS & WHOLESALE, LLC d/b/a VIVIDOVE, ROGER HUN KANG, and MO KYUNG LEE, | ) |
|     Defendants. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT

Jane Envy, LLC ("Jane Envy") respectfully submits this opposition to Defendants' Motion to Set Aside Clerk's Entry of Default (the "Motion") as follows:

### I. FACTUAL BACKGROUND

Attorney Matthew Jeon ("Jeon") agreed to accept service of process on behalf of the Defendants on March 11, 2014, (*see* docket no. 22, ex. C), but then refused to do so for nearly a month thereafter. It was not until April 2014, when Jane Envy informed Jeon that "Jane Envy will begin the process of obtaining default judgment against the Infinite Classic and Best Imports defendants," (exhibit A [Whitney Email]), that Jeon attempted to accept service, but failed to properly sign the waiver (docket nos. 9, 10).

Despite being put on notice that Jane Envy would pursue default judgment if necessary, (*see id.*), Defendants did not answer the complaint or take any other action in this lawsuit. Accordingly, Jane Envy filed a timely request for entry of default, (docket no. 11), followed by a timely a motion for default judgment, (docket no. 13). Throughout these months, Jane Envy did

not receive any communications from Jeon, Defendants, or any other attorneys purporting to represent Defendants.

The Court entered its Memorandum and Recommendation on the motion for default judgment (the "Recommendations") on August 27, (docket no. 14), and served a copy on Defendants the following day (docket no. 16). Defendants received notice of the Recommendations on September 2, (docket no. 17), but waited more than a week—until September 12—to contact Jane Envy to request additional time to respond. (Exhibit B [Stroud Email].) Defendants' attorney Jeon did not personally contact Jane Envy's counsel regarding the additional time, but instead relied on attorneys from the law firm of Wong Fleming to make contact. (*Id.*)

## II.     STANDARD FOR SETTING ASIDE AN ENTRY OF DEFAULT

Courts may set aside an entry of default under Federal Rule of Civil Procedure 55(c) for "good cause." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 529 (5th Cir. 2014). Among other factors, "the district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir.1985). "Of these factors, two can be determinative: a district court may refuse to set aside a default judgment if it finds either that the default was willful or that the defendant failed to present a meritorious defense." *Scott v. Carpanzano*, 556 F. App'x 288, 293-94 (5th Cir. 2014) (per curiam); *accord In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008).

To prevail on a motion to set aside, the movant should "provide[] definite factual allegations with supporting record evidence that, if believed at trial, would lead to a result contrary to that achieved by the default." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122

(5th Cir. 2008). Thus, the defendant must provide "definite factual allegations, as opposed to mere legal conclusions, in support of her defense." *Jenkens & Gilchrist*, 542 F.3d at 122.

### III. ARGUMENTS

**A. Defendants' Cherry-Picked Evidence Does Not Show that Defendants' Default Was Not Willful**

The Motion attaches a few handpicked documents and a self-serving declaration to cast Defendants' failure to answer this lawsuit in the best possible light. But importantly, Defendants and their attorney Jeon were aware that Jane Envy would seek default judgment if Defendants did not answer or defend the lawsuit. In fact, Jane Envy's counsel explicitly told Defendants' counsel that this would occur. (Exhibit A [Whitney Email].) Despite this knowledge, Defendants decided not to answer or respond to Jane Envy's complaint. Given Defendants' failure to answer despite the express warning that Jane Envy would pursue default judgment, Defendants have not demonstrated that the failure was not willful. Accordingly, this factor does not favor setting aside the entry of default.

**B. If the Entry of Default Is Set Aside, Jane Envy Will Suffer Financial and Possibly Other Prejudice**

Jane Envy has spent significant amounts of time and resources attempting to secure a default judgment after Defendants failed to answer or otherwise defend this lawsuit. First, Jane Envy had to request an entry of default from the clerk. (Docket no. 11.) Following that, a motion for default judgment and accompanying declarations were prepared by Jane Envy and submitted for consideration by the Court. (Docket no. 13.) Now, Jane Envy is responding to Defendants' Motion (docket no. 21) as well as Defendants' Objections to Magistrate Judge's Memorandum Recommending Entry of Default Judgment (docket no. 22). None of these filings would have occurred but for Defendants' failure to answer. Consequently, setting aside the entry of default would prejudice Jane Envy because of the time and money spent pursuing a default judgment.

Apart from monetary prejudice, Jane Envy concedes that, at this point in time, it lacks evidence sufficient to demonstrate other prejudice from setting aside the entry of default against Defendants. However, it remains to be seen whether any documents or information in Defendants' possession, custody, or control have been lost. While Jane Envy has taken appropriate and necessary steps to preserve evidence in its possession, neither Defendants' Motion nor the attached declaration affirm that Defendants have taken similar steps. Indeed, given the near-total lack of communications between Defendants and their attorneys, especially the absence of any litigation hold communications, it is entirely possible that evidence once in Defendants' possession, custody, or control no longer exists.

Thus, under the second factor, Jane Envy will suffer financial prejudice if the entry of default is set aside and potentially other prejudice in the form of lost evidence.

**C.      Defendants Have Not Demonstrated Meritorious Defenses**

Defendants have not presented specific factual allegations and evidence to support their defenses that (i) Jane Envy's works are not copyrightable and (ii) that Defendants do not infringe Jane Envy's works. *See Jenkens & Gilchrist*, 542 F.3d at 122 (motion to set aside should "provide[] definite factual allegations with supporting record evidence"). Accordingly, this factor weighs against setting aside the entry of default.

**1.      The assertions of invalidity are largely unsupported by factual allegations and have no evidentiary support whatsoever**

First, the Motion fails to provide specific factual allegations of invalidity for nineteen of the twenty-four works at issue here. Defendants provide invalidity allegations for only five works—the Motion argues that one work allegedly consists of "plain cross earrings" (7574E-GD), three works purportedly comprise "ordinary crosses suspended on basic chains" (7599N-GD, 7599N-SL, and 7600N-SL), and one other work allegedly includes "simple crosses

suspended from the earring hooks by equally simple circles" (7616E-IV-GOLD). (Docket no. 21, at 12.) For the remaining nineteen works, however, Defendants rely on the blanket assertion that "[a]ll of Plaintiff's twenty-four allegedly infringed designs are made up of uncopyrightable elements, primarily Christian religious crosses . . . ." (*Id.*) For these works, Defendants provide no definite allegations as to why they are invalid, and instead rely on attorney argument.

Second, Defendants fail to provide any evidence in support of invalidity. Although the Motion attaches a declaration, it contains no statements that Jane Envy's works are not copyrightable. For example, the Declaration of Roger Kang does not identify even a single jewelry piece similar to Jane Envy's works, let alone state that Jane Envy's works are not copyrightable.

Defendants contend "the Copyright Office's correspondence with Plaintiff will confirm that many, if not most, of the items in Plaintiffs registered collections are actually ineligible for copyright protection." (Docket no. 21, at 14-15.) Jane Envy has attached three of the relevant communications for three registrations as Exhibits C, D, and E.[1] Each communication shows that the Copyright Office <u>did not</u> make a determination that any individual works in the registered collection were uncopyrightable. (Exhibits C, D, & E.) In fact, the correspondence expressly states that such a determination does not occur: "Your deposit might contain both copyrightable and non-copyrightable works. . . . [U]nder our current practices we do not specify which works within a large filing are copyrightable and not copyrightable; if you want such specific opinions for future works, then please submit them separately." (*Id.*) Thus, there is no evidence presented by the Defendants that Jane Envy's works are not copyrightable.

---

[1] Jane Envy will supplement this response with the additional correspondence for the remaining two copyright registrations once available.

In the seminal case on copyrightability, the Supreme Court explained that to be copyrightable, "the requisite level of creativity is *extremely low*; even a *slight amount will suffice*. The vast majority of works *make the grade quite easily*, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 345(1991) (emphasis added). Defendants have submitted no evidence that Jane Envy's works do not satisfy the "extremely low" bar for creativity to satisfy the constitutional requirement of originality.

### 2. The assertions of noninfringmenet are largely unsupported by factual allegations and have no evidentiary support whatsoever

The Motion similarly fails to present sufficiently definite factual allegation or evidence to support the assertion that Defendants' products do not infringe. The Motion provides specific noninfringement allegations regarding only two Jane Envy works—7728E-TQ-GOLD (docket no. 21, at 16) and 7815N-COIN (docket no. 21, at 18). For the remaining twenty-two works, Defendants rely on general statements of noninfringement. Moreover, the Motion does not provide any evidence of noninfringement, either through the declaration or attached to the Motion. Thus, Defendants fail to show a meritorious defense of noninfringement supported by "definite factual allegations with supporting record evidence." *Jenkens & Gilchrist*, 542 F.3d at 122.

### D. Defendants, Who Were Already Represented by Counsel, Did Not Promptly Act to Remedy the Default

Defendants received the Recommendations on September 2, 2014. But despite having previously communicated with Jane Envy's attorneys on multiple occasions, Defendants' attorney Jeon inexplicably made no attempt to reach out to Jane Envy on behalf of his clients until more than a week later, and only did so through another attorney. (Exhibit B [Stroud Email].) Jeon provides no explanation for why he did not contact Jane Envy's attorneys

regarding the Recommendations or to request additional time to respond until days before the deadline to respond to the Recommendations. Consequently, this factor does not favor setting aside the entry of default.

E.  **The Size of Damages Is Within the Statutory Limits for Copyright Damages and Does Not Justify Setting Aside the Entry of Default**

As explained in Jane Envy's motion for default judgment (docket no. 13), the damages requested by Jane Envy are well within the statutory limits for copyright damages. (Docket no. 13, at 9-11.) Given that Congress has authorized the amounts of damages awarded in this lawsuit, the damages themselves do not warrant setting aside the entry of default. As such, this factor does not favor setting aside the entry of default.

Thus, for the reasons explained above, the factors disfavor setting aside the entry of default in this case, and Jane Envy asks the Court to deny the Motion.

IV.  **ALTERNATIVE REQUEST FOR REIMBURSEMENT OF JANE ENVY'S EXPENSES SPENT PURSUING DEFAULT JUDGMENT**

Alternatively, if the Court agrees with Defendants and finds good cause to set aside the entry of default, Jane Envy respectfully requests that the order setting aside default be conditioned on reimbursement of Jane Envy's expenses incurred in pursuing default judgment. Courts may grant relief from entry of default on contingent upon certain conditions. 10A Charles Allen Wright, *et al.*, *Federal Practice and Procedure* § 2700 (3d ed. 2010). For example, where defendants' "defaults were . . . due to their inattentiveness," courts have conditioned the order setting aside default judgment on reimbursement of the plaintiff's attorney's fees expended in seeking default judgment. *Corso v. First Frontier Holdings, Inc.*, 205 F.R.D. 420, 421 (S.D.N.Y. 2001).

In this case, the defaults occurred entirely due to Defendants' (and their counsel's) inattentiveness. After Defendants defaulted, Jane Envy incurred significant expenses to secure a

default judgment, including without limitation expenses related to Jane Envy's request for entry of default by the clerk, its motion for default judgment, its response to Defendants' objections to the Recommendations, and this response. None of these expenses would have been incurred had Defendants defended this lawsuit. Given these circumstances, Jane Envy requests that any order setting aside the entry of default be conditioned upon full reimbursement of Jane Envy's expenses incurred in seeking a default judgment. *See Joe Hand Promotions, Inc. v. Ashby*, No. 13-4747, 2014 U.S. Dist. LEXIS 57271, at *11-12 (E.D. La. Apr. 24, 2014) (ordering defendant to pay plaintiff its "reasonable attorneys' fees it incurred in securing the entry of default, drafting the motion for default judgment, and responding to the motion under consideration.").

Dated: October 20, 2014

HAYNES AND BOONE, LLP

 */s/ Jason W. Whitney*
William B. Nash
Texas Bar No. 14812200
bill.nash@haynesboone.com
Jason W. Whitney
Texas Bar No. 24066288
jason.whitney@haynesboone.com
112 E. Pecan Street, Suite 1200
San Antonio, Texas 78205
Tel: 210-978-7000
Fax: 210-978-7450
*Attorneys for Plaintiff Jane Envy, LLC*

**CERTIFICATE OF SERVICE**

I, Jason W. Whitney, hereby certify that on October 20, 2014, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record for Best Imports & Wholesale, LLC d/b/a Vividove, Roger Hun Kang, And Mo Kyung Lee, and that the document is available for viewing and downloading from CM/ECF.

 */s/ Jason W. Whitney*
Jason W. Whitney