**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| JANE ENVY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No.  5:14-cv-00081-DAE |
| BEST IMPORTS & WHOLESALE, LLC d/b/a | ) |
| VIVIDOVE, ROGER HUN KANG, and MO | ) |
| KYUNG LEE, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MEMORANDUM
AND RECOMMENDATION**

Jane Envy, LLC ("**Jane Envy**") respectfully submits this response to Defendants' Objections to Magistrate Judge's Memorandum Recommending Entry of Default Judgment (the "**Objections**") as follows:

**PRELIMINARY STATEMENT**

By failing to answer Jane Envy's complaint, Defendants were deemed to have admitted the allegations of the complaint. (Docket no. 14, at 5 (citing *Nishimatsu Constr. Co, Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). These admissions in large part formed the factual basis for Jane Envy's motion for default judgment and the subsequent Memorandum and Recommendation (the "**Recommendation**"). As such, the decision of whether to accept the Recommendation or not largely depends on the Court's decision on whether to set aside the entry of default or not. Specifically, if the entry of default is set aside and Defendants are allowed to answer, Defendants' admissions will be withdrawn. In that event, the underlying factual basis for the motion for default judgment and the Recommendation will no longer exist,

and the Recommendation should be rejected. On the other hand, if the Court declines to set aside the entry of default, the Recommendation is sound and should be accepted entirely.

I. **BY THEIR DEFAULT, DEFENDANTS ADMITTED COPYING JANE ENVY'S VALID COPYRIGHTS**

In their first two objections to the Recommendation, Defendants contend that Jane Envy's jewelry designs are not copyrightable and that Defendants did not copy Jane Envy's designs. However, the copyrightability of Jane Envy's designs and Defendants' copying were admitted by Defendants' default and cannot now be contested.

A. **Defendants' Default Admitted the Validity and Copyrightability of Jane Envy's Jewelry Designs**

As noted in the Recommendation, Defendants' default admitted the allegations of the Original Complaint. (Docket no. 14, at 5.) Importantly, Defendants admitted that each registration asserted by Jane Envy "is a valid copyright registration that claims **original jewelry designs** . . . that **qualify for copyright protection under the United States Copyright Act**." (Docket no. 1 [Compl.] ¶¶ 23, 31, 39, 47, 55 (emphasis added).) In view of these admissions, there can be no dispute that Jane Envy's jewelry designs contained in the registrations qualify for copyright protection. Defendants' Objections fail to address these critical admissions, and Defendants present no legal authorities to demonstrate that the admissions do not apply. For these reasons, the Recommendation properly found Jane Envy's jewelry design works to be copyrightable.

B. **Defendants' Default Admitted Copying of Jane Envy's Jewelry Designs**

Similarly, Defendants' default admitted that they "distributed copies of the jewelry designs protected by" Jane Envy's registrations, and that the "unauthorized copies are unlawful and incorporate elements identical or substantially similar to the jewelry designs" under Jane Envy's registrations. (Docket no. 1 [Compl.] ¶¶ 25, 33, 41, 49, 57.) Moreover, Defendants

admitted that they "obtained or had access to the jewelry designs" under Jane Envy's copyright registrations and "intentionally copied th[ose] jewelry designs." (Docket no. 1 [Compl.] ¶¶ 6, 34, 42, 50, 58). In view of these admissions, there can be no dispute that Defendants copied Jane Envy's copyrighted jewelry designs. Once again, Defendants' Objections fail to address these critical admissions, and Defendants present no legal authorities to demonstrate that the admissions do not apply. For these reasons, the Recommendation properly found Defendants copied Jane Envy's copyrighted jewelry design.

## II.  THE DAMAGES RECOMMENDED BY THE MAGISTRATE JUDGE ARE APPROPRIATE

In their last objection to the Recommendation, Defendants contend that the statutory damage award recommended for Jane Envy is excessive and that the Court should not award attorneys' fees. However, the statutory damage award is well within the statutory limits and appropriate given the facts of the case. Likewise, an award of attorneys' fees is proper under the facts of this case.

### A.  The Recommended Statutory Damages Are Within the Statutory Limits and Appropriate

When a copyright plaintiff elects statutory damages, the district court may award an amount "in a sum of not less than $750 or more than $30,000 **as the court considers just**." 17 U.S.C. § 504(c)(1) (emphasis added). The Copyright Act does not provide a formula for determining the amount of statutory damages; instead, "the court **enjoys wide discretion** in setting the amount of damages for each work infringed and hence the final amount of damages." *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 237 (5th Cir. 1988) (emphasis added).

In this case, given the number of works blatantly copied by Defendants (twenty-four) and the dearth of any information from Defendants regarding their sales or profits, the recommended statutory damages of $12,000 per work infringed are both justified and below the statutory limits.

To support this amount, Jane Envy submitted a declaration with its motion for default judgment that provided an estimate of Defendants' sales of infringing products—$12,000—based on Jane Envy's own sales and Jane Envy's status as the sole source for the copyrighted jewelry designs. (Docket no. 13, exhibit A.) While this method was undoubtedly an imperfect means of estimating Defendants' sales, Jane Envy had no alternative in view of the complete absence of information from Defendants. Notably, Defendants themselves offer no alternative by which Jane Envy could have computed Defendants' sales and profit numbers after the default. The Recommendation therefore properly selected a statutory damages award in the lower half of the possible range of statutory damages based on the best available information.

Defendants are incorrect in contending that because the Recommendation found their infringement not willful, the infringement is *ipso facto* "innocent" under 17 U.S.C. § 504(c)(2). First, Defendants cite no legal authorities supporting this proposition. Second, the accused infringer bears the burden of establishing such innocence, *id.*, yet there was no evidence of innocence before the Magistrate Judge. Third, Defendants' argument reads out of the statute a third category of infringement—namely, infringement that is not proven to be either willful or innocent, for which the default statutory damages may be awarded. *Id.* Thus, the mere fact that Defendants' infringement was found to be not willful does not show that the infringement was innocent.

Finally, to the extent that the Objections rely on new evidence submitted to the Court, including financial information, such evidence should not be considered. Defendants defaulted in this case, and Jane Envy has not had the opportunity to verify the accuracy of this new evidence through any discovery procedures. Importantly, Defendants did not submit any purchase orders, invoices, U.S. customs documents, shipping documents, inventory reports, or other documents

that could corroborate the spreadsheets of purported sales, costs, and profits. Defendants simply ask the Court to accept as truth the financial spreadsheets and other evidence attached to the Objections. But because of Defendants' failure to answer or defend this case, the absence of discovery, and the lack of any corroborating documents, the Court should not accept the new evidence Defendants now submit.

**B.     The Court Should Award Attorneys' Fees and Costs to Jane Envy**

The Recommendation properly found that Jane Envy should be awarded its attorneys' fees and costs. Defendants are flat-out wrong in accusing the Magistrate Judge of recommending an award of attorneys' fees of as a matter of course. To the contrary, the Magistrate Judge explicitly recognized that the "Court **has discretion** to award attorney's fees to a prevailing party." (Docket no. 14, at 9 (emphasis added).) Moreover, there is no requirement to apply any specific factors in making a determination to award attorneys' fees. Indeed, the Supreme Court explicitly stated that "such factors **may be used** to guide courts' discretion, so long as such factors **are faithful to the purposes of the Copyright Act** and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (emphasis added). Applying its discretion to the facts of the case, the Magistrate Judge found an award of attorneys' fees and costs warranted. (Docket no. 14, at 9.) This Court should accept that recommendation.

Finally, Defendants complain that Jane Envy's attorneys' fees are too high for simply "pull[ing] together" a copyright infringement lawsuit. (Docket no. 22 ¶ 45.) However, this statement ignores the costs associated with preparing the request of entry of default (docket no. 11), the motion for default judgment (docket no. 13), and the accompanying declarations (docket no. 13, exhibits A & B), all of which were included in the request for attorneys' fees.

### III. CONCLUSION

Thus, for the reasons explained above, the Recommendation should be accepted.

| | |
|---|---|
| Dated: October 23, 2014 | HAYNES AND BOONE, LLP |
| | |
| | */s/ Jason W. Whitney* |
| | William B. Nash |
| | Texas Bar No. 14812200 |
| | bill.nash@haynesboone.com |
| | Jason W. Whitney |
| | Texas Bar No. 24066288 |
| | jason.whitney@haynesboone.com |
| | 112 E. Pecan Street, Suite 1200 |
| | San Antonio, Texas 78205 |
| | Tel: 210-978-7000 |
| | Fax: 210-978-7450 |
| | *Attorneys for Plaintiff Jane Envy, LLC* |

### CERTIFICATE OF SERVICE

I, Jason W. Whitney, hereby certify that on October 23, 2014, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record for Best Imports & Wholesale, LLC d/b/a Vividove, Roger Hun Kang, And Mo Kyung Lee, and that the document is available for viewing and downloading from CM/ECF.

 */s/ Jason W. Whitney*
Jason W. Whitney
